CAPITOL WINE & SPIRIT CORP., Appellant, v. LOUIS I. POKRASS et al., Respondents, et al., Defendants.— Order of November 16, 1948, denying plaintiff's motion to vacate defendants' demand for a bill of particulars and for leave to serve a bill of particulars only after an examination of the defendants, is modified so as to strike out from items 1, 2, 3, 8, 9, 10 and 12 the words "each and every act" and substitute "the acts"; and to strike out from item 6 "each and every improper, illegal and fraudulent act" and substitute "the improper and fraudulent acts." Plaintiff, within the limits of the order as modified, should furnish the bill of particulars directed herein before plaintiff's examination of defendants before trial directed in the companion appeal (ante, p. 1053). Special Term protected plaintiff by providing that if plaintiff does not have any of the information requested it may so state but must furnish the same within ten days after completion of plaintiff's examination of defendants before trial; to this we add the provision that plaintiff must so furnish the bill unless excused by order on motion to preclude. As so modified, the order appealed from is unanimously affirmed, without costs. Settle order on notice. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ.

JOSEPH SACHS, Doing Business as ATLANTIC LIQUOR WHOLESALERS, Appellant, v. LOUIS I. POKRASS et al., Respondents.— Order unanimously modified by allowing examination before trial of defendants as to items 1, 2, 3 and 13 but deleting from item 13 the words "in violation of the terms of the agreements made on April 3, 1946, and June 27, 1946," and as so modified affirmed, with $10 costs and disbursements to appellant. No opinion. Settle order on notice. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ.

JOSEPH SACHS, Doing Business as ATLANTIC LIQUOR WHOLESALERS, Appellant, v. LOUIS I. POKRASS et al., Respondents, et al., Defendants.— Order, so far as appealed from, unanimously modified by denying items 1, 3, 4, 5, 8 and 16 and by reframing items 7, 10 and 11 as follows: 7. State the respects in which it is claimed the approval by the directors of Capitol Wine & Spirit Corp. of the payment of $33,739.75 to Louis I. Pokrass was fictitious. 10. State when and where the representation referred to in paragraph "Sixteenth" of the complaint was made; if in writing, set forth a copy thereof; if oral, state the substance thereof specifying the particular whiskey about which the representation was made. 11. State when and the circumstances under which the whiskey referred to in paragraph "Eighteenth" of the complaint was sold; set forth the dates when and the names of the persons to whom the whiskey was sold; specify the particular whiskey referred to setting forth the quantities thereof. As so modified the order is affirmed, with $10 costs and disbursements to the appellant. No opinion. Settle order on notice. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ.

SAVO, INC., et al., Respondents, v. PALM ISLAND LATIN QUARTER, INC., Appellant.— Order, so far as appealed from, unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted. No opinion. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ. [See 275 App. Div. 708.]

In the Matter of HALAT REALTY CORPORATION, INC., Appellant-Respondent, v. TEKRO REALTY CORPORATION, INC., Respondent-Appellant.— Orders unanimously affirmed. No opinion. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ.